**COLORIFICIO ITALIANO MAX MEYER, S.P.A., and NYMCO, S.P.A., Plaintiffs-Appellants,**

v.

**S/S HELLENIC WAVE, her engines, tackle, apparel, furniture, etc., and Hellenic Lines Limited and Hansen & Tidemann, Inc., Defendants-Appellees,**

v.

**SUPERINTENDENCE COMPANY, INC., Third-Party Defendant-Appellee.**

No. 27693

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Nov. 19, 1969.

Rene S. Paysse, Leach, Grossel-Rossi & Paysse, New Orleans, La., for appellant.

Harry S. Redmon, Jr., Charles Kohlmeyer, Jr., Dando B. Cellini, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., for appellee Superintendence Co., Inc.

Before GEWIN, DYER and CARSWELL, Circuit Judges.

CARSWELL, Circuit Judge:

■■ This case presents a very narrow issue of admissibility of evidence in an admiralty case.[1] We conclude that the district court did not err in excluding appellants' proffer of certain survey reports and a chemical analysis. All of these documents were prepared in Genoa, Italy, and the authors were not before the court. Appellant concedes that the proffer was entirely hearsay, but urges that it was an abuse of the trial court's discretion to deny their admission into evidence. Appellant correctly calls our attention to the settled proposition that the elaborate rules of evidence are given liberal construction in a suit in admiralty which is tried by a judge without a jury.[2] Appellant then takes a long and final step and says there was abuse of discretion by the trial court in excluding its proffered exhibits though they were admittedly hearsay. Without going quite so far appellant comes close to urging the proposition that it is abuse of discretion to exclude any hearsay evidence in a suit in admiralty since the trier of facts is a judge presumably equipped to shake the wheat from the chaff and make proper measurements on the scales of probative force.

■ This overemphasizes the distinction between judge and jury trials. Not all the rules of evidence are designed to insulate jurors from improper evidence. There are those specifically designed to protect the rights of litigants. Directly in point is the rule against hearsay which has as its primary purpose the protection of the right of litigants to confront the witnesses against them and to test their credibility through cross-examination. The right of cross-examination has been described as "the greatest legal engine ever invented for the discovery of truth." 5 Wigmore on Evidence, § 1367, p. 29. These crucial rights cannot be denied upon the mere ground that the rules of evidence are very liberal in admiralty matters.

■ Tested by these familiar standards we find no abuse of discretion here in the denial of the proffered documents. The record here gives us a brief but illuminating background which led to the trial judge's decision. The admiralty action was filed by appellant, Colorificio, in 1964, to recover for alleged damage to a bulk consignment of liquid Acintol which left New Orleans aboard the appellee's vessel, S/S HELLENIC WAVE, in December of 1961 and arrived in Genoa, Italy in January of 1962. A third-party complaint in 1968 brought in Superintendence Company, Inc., as a third-party defendant. Trial was held in 1969, at which time appellants attempted to introduce into evidence the

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526.

2. See 3 Benedict § 381b, p. 5 and 8 1957 AMC 384 (CA 2) 1961 AMC 848 (CA 2)

disputed survey reports and chemical analysis.

From the early stages of this unhurried, even lethargic, litigation, appellee had consistently objected to the receipt in evidence of the subject documents as hearsay. The record makes it plain that appellant should not have been surprised on the ultimate day of trial that this objection would be renewed. While admitting the authenticity of the documents appellee insisted their admission in evidence would violate the hearsay rule and deny it its right of cross-examination. It noted, for example, that the documents were prepared some time after the critical date of the events to which they referred, and that this in itself was sufficient cause to require further explanation by examination.

It has never been, nor is it now, the practice of the admiralty courts to deny a litigant the right of cross-examination and confrontation through the admission of hearsay evidence. The rule is well established that survey reports and similar documents, offered without supporting testimony, are not admissible in evidence. The Vivid, Fed.Cas.No.16,978, 4 Ben. 319, 14 Int.Rev.Rec. 163 (E.D. N.Y.1870); Watson v. Insurance Company of North America, Fed.Cas.No. 17,284, 2 Wash.C.C. 152 (1808); The Director, 34 F. 57 (Or.1888). As the Court pointed out in The Director, "The proper proof of the facts ascertained on the surveys * * * is the testimony of the surveyors." 34 F. at 60.

Despite the applicability of the hearsay rule, Colorificio also urges that these documents should have been admitted under the Official Records Act, 28 U.S.C. § 1732, as records made in the regular course of business. The documents under consideration here, however, are not within the purview of the statute. In the leading case of Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), the Supreme Court considered the admissibility of an accident report prepared by a deceased railroad engineer under the Official Records Act. The opinion pointed out that the term "regu-

lar course" of business employed by the statute "must find its meaning in the inherent nature of the business in question and in the methods systematically employed for the conduct of the business as a business." 318 U.S. at 115, 63 S.Ct. at 481. Turning to the report itself, the Court concluded it was inadmissible because:

"* * * it is manifest that in this case those reports are not for the systematic conduct of the enterprise as a railroad business. Unlike payrolls, accounts receivable, accounts payable, bills of lading and the like these reports are calculated for use essentially in the court, not in the business. Their primary utility is in litigating, not in railroading." 318 U.S. at 114, 63 S.Ct. at 481.

Survey reports are subject to the same criticism. Their objectivity is suspect because of their intended use in litigation. In Hagans v. Ellerman and Bucknall Steamship Company, 318 F.2d 563 (3rd Cir. 1963), the question of the admissibility of a survey report under the Official Records Act was squarely presented to the Third Circuit and the Court ruled that the document was inadmissible. The same conclusion was reached in the recent case of The Stella Lykes, 1969 A.M.C. 367, on facts similar to those presently before this Court. Plaintiffs sought there to introduce a survey report without supporting testimony and characterized it as a business record in an effort to avoid the operation of the hearsay rule. There, as here, no foundation was laid to establish that the report was made in the regular course of business. The Court held the report was not admissible and dismissed the libel because plaintiffs had failed to establish a *prima facie* case.

The District Court in the instant case utilized the same simple precepts relied upon in The Stella Lykes. It found Colorificio's documents to be hearsay. They are not "admissible hearsay," however, because they are not "business records" within the meaning of the Official

Records Act. Hence, they are inadmissible.

Finally, Colorificio assigns as error the Court's failure to keep the case open to allow it to obtain the testimony of the surveyors and analysts whose reports were held inadmissible. An identical motion to keep the case open was made by plaintiffs in *The Stella Lykes,* supra, after the rejection of the survey report they sought to introduce. The Court denied the motion, noting that "plaintiffs had had adequate time to prepare their case." 1969 A.M.C. at 372. Certainly the same is true of Colorificio. The shipment involved herein took place in 1961 and the matter did not come up for trial until 1969. It is uncontroverted that the survey reports and chemical analysis are hearsay, and Colorificio had no reason to assume that defendants would not object to their introduction. The control of its calendar is a matter within the sound discretion of the trial court and its refusal to keep this protracted case open was clearly warranted under these circumstances. The judgment of the court below is

Affirmed.